IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-216

 No. COA19-282

 Filed 5 April 2022

 Caldwell County, No. 15 CRS 052216

 STATE OF NORTH CAROLINA

 v.

 GEORGE WILLIAM SHEFFIELD, Defendant.

 Appeal by Defendant from judgment entered 23 April 2018 by Judge Joseph

 N. Crosswhite in Caldwell County Superior Court. Heard in the Court of Appeals 11

 March 2020.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Joseph
 Finarelli, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S.
 Zimmer, for defendant-appellant.

 MURPHY, Judge.

¶1 A trial court errs where it admits evidence that does not have any tendency to

 make any fact of consequence more or less likely. However, where that error does not

 have a probable impact on the jury’s finding that a defendant was guilty, the error

 does not rise to plain error and does not entitle a defendant to relief. Here, the trial

 court’s admission of relevant photographs of condoms was proper. Additionally, the

 trial court’s improper admission of irrelevant photographs of dildos did not rise to
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 plain error.

¶2 A satellite-based monitoring (“SBM”) order requiring automatic lifetime SBM

 that is mistakenly based on a crime the defendant did not commit is entered in error.

 Where that order is entered due to the mutual mistake of the State, the defendant,

 and the trial court, the proper remedy is to vacate without prejudice to the filing of a

 subsequent SBM application. Here, the trial court erred by entering automatic

 lifetime SBM based on the parties’ and the trial court’s mistaken belief that

 Defendant was guilty of a qualifying offense. As a result, we vacate the SBM order

 without prejudice to the State’s ability to refile an SBM application.

¶3 When the State has sensitive documents that are alleged to be favorable and

 material to a defendant, the documents must be turned over to the defendant if, after

 an in camera review, the trial court finds the documents to be favorable and material.

 Where some of these documents are not turned over to the defendant, on appeal, we

 must review the documents to determine if the trial court erred by not providing any

 documents to the defendant that were both favorable and material. Here, after

 reviewing documents that the trial reviewed in camera, we conclude that there were

 favorable, but not material, documents that were not provided to Defendant.

 Defendant is not entitled a new trial.

 BACKGROUND
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

¶4 Defendant George William Sheffield lived next to Peter’s1 mother’s boyfriend.

 When Peter’s mother would visit her boyfriend, she would bring her children, and

 they would often see Defendant. Defendant would let Peter’s family use his washer

 and dryer, let the children mow his lawn, and would occasionally make meals for

 Peter’s family. On 23 July 2015, when Peter was twelve years old, Peter mowed

 Defendant’s lawn. After mowing the lawn, Peter showered at Defendant’s home, and

 Defendant washed Peter’s dirty clothes. Then, Peter’s family all had dinner at

 Defendant’s home. After dinner, Peter and his younger brother sat on the couch and

 watched television at Defendant’s home while the rest of the family left the home.

¶5 While Peter was watching television, Defendant tapped him on the shoulder

 and took Peter to Defendant’s computer where a pornography website was open.

 After showing Peter the website, Defendant “whipped out his penis and started

 messing with it” and began talking to Peter about the pornography, including

 “ask[ing] if [Peter] ever did this and [if Peter had] ever seen anything like this.” Peter

 testified:

 [a]fter [Defendant] started messing with his penis, I
 started sliding over to get away and he pulled the chair
 closer and started messing with his penis even more and
 watching more of those videos, more of them.

 1 Pseudonyms are used for all relevant persons throughout this opinion to protect the

 identity of the juvenile and for ease of reading.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 So I got tired of that and I tried to leave and that’s when he
 grabbed me, let me get on my knees, and started sucking
 his penis.[2] And then I tried to move away. And then he
 started sucking my penis and that’s when he pulled me into
 the bathroom.

 I was about to leave because my mother it was time for me
 to leave and go get ready for bed [sic]. And I went to go
 leave and that’s when he pulled me into the bathroom
 before I left and grabbed the baby oil and tried to stick his
 penis in my butt.

 At this point, Peter got up, left Defendant’s home, and went to his mother’s

 boyfriend’s home where he almost immediately told his mother what Defendant had

 done.

¶6 Peter’s mother took him to the Lenoir Police Department, where they met

 Officer Charles Barlow, and an ambulance took them to a nearby hospital where

 Peter’s clothes were collected into evidence. Peter was then taken to another hospital

 to have a sexual assault examination and a forensic interview. During the forensic

 interview, Peter stated that there was a prior incident where Defendant showed Peter

 a glass duck that contained 10-20 square packets of an unfamiliar item, that Peter

 thought might contain a pill or gum, and that, prior to showing him these items,

 Defendant winked at Peter and told him not to tell the little kids. The State argued

 2 When asked “How did it come to be that you had his penis in your mouth?” Peter

 clarified that “[Defendant] pulled [him] to it.” Peter also clarified that “[Defendant] sucked
 [his] penis” after Defendant had “pulled [Peter’s] pants down.”
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 that these packets were condoms in its closing argument.

¶7 Although there was no evidence of physical injury, Carolyn Abbott, a forensic

 nurse examiner, testified that this was not unusual with the actions alleged. An

 employee from the North Carolina State Crime Laboratory testified that a sample of

 Peter’s underwear had DNA on it, and, in response to the State asking for “the

 statistical odds in regard to [the DNA] belonging to someone other than [Peter] and

 [Defendant,]” the employee stated, “the chance of randomly selecting an unrelated

 individual who also could not be excluded from that multiple major that was obtained

 from the cutting of the underwear would be, approximately, in [the] North Carolina

 Caucasian population, 1 in 13.9 million[.]”3

¶8 Additionally, the State admitted three photographs of a dresser drawer in

 Defendant’s bedroom without objection; one of these photographs depicted a drawer

 containing a condom and two dildos, and the other two depicted a Ziploc bag of

 condoms, one of which showed a dildo in the background. There was no suggestion

 at trial that the dildos were involved in any way with what happened to Peter, and

 the State made no comments regarding the dildos aside from when the State initially

 admitted the photograph portraying them into evidence.

¶9 Furthermore, prior to trial, Defendant attempted to gain access to the

 3 The judgment indicates that Defendant’s race is “W” indicating white, or Caucasian.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 personnel file of Officer Barlow, as well as the school and DSS files related to Peter.

 All of these documents were reviewed by the trial court in camera. The trial court

 released some of each type of these documents to Defendant and sealed the remaining

 documents.

¶ 10 Based on the events described above, the jury found Defendant guilty of first-

 degree sex offense with a child under N.C.G.S. § 14-27.4(a)(1),4 and the trial court

 sentenced Defendant to 240 to 348 months. After sentencing Defendant, the trial

 court ordered Defendant to register as a sex offender for thirty years and to enroll in

 SBM for life upon his release from imprisonment. Underlying the imposition of

 lifetime SBM enrollment, the trial court found that Defendant had committed rape

 of a child under N.C.G.S. § 14-27.23 or sexual offense with a child under N.C.G.S. §

 14-27.28.5 The trial court also found that Defendant was convicted of an offense

 involving “the physical, mental, or sexual abuse of a minor.” However, the trial court

 did not find Defendant to be a sexually violent predator, a recidivist, or to have been

 convicted of an aggravated offense. Defendant timely appeals.

 ANALYSIS

 4 N.C.G.S. § 14-27.4(a)(1) was recodified as N.C.G.S. § 14-27.29 effective 1 December

 2015. As the date of the offense was 23 July 2015, we use the then-existing version of the
 statute, N.C.G.S. § 14-27.4(a)(1), which was effective from 1 October 1994 until 30 November
 2015.
 5 At the time of the offense, these statutes were codified as N.C.G.S. § 14-27.2A and

 N.C.G.S. § 14-27.4A, respectively.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

¶ 11 On appeal, Defendant argues (A) “the trial court plainly erred in admitting

 irrelevant, color photos showing ‘two dildos’ and condoms taken in [Defendant’s]

 bedroom when these items were unrelated to the alleged offense and found in a

 separate room[;]” (B) “the trial court erred in determining that [Defendant] qualified

 for mandatory lifetime [SBM] because his conviction under N.C.G.S. § 14-27.4(a)(1)

 did not require lifetime monitoring[;]” and (C) “this Court should grant a new trial if,

 upon in camera review of the sealed records, it determines the information is

 favorable and material to [Defendant’s] guilt or punishment.”6

 A. Admission of the Photographs of Condoms and Dildos

¶ 12 Our Supreme Court has held:

 [T]he North Carolina plain error standard of review applies
 only when the alleged error is unpreserved, and it requires
 the defendant to bear the heavier burden of showing that
 the error rises to the level of plain error. To have an alleged
 error reviewed under the plain error standard, the
 defendant must specifically and distinctly contend that the
 alleged error constitutes plain error. Furthermore, plain
 error review in North Carolina is normally limited to
 instructional and evidentiary error.

 State v. Lawrence, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (marks and citations

 omitted).

 6 Defendant also argues “Defense Counsel failed to provide effective assistance of
 counsel during [Defendant’s] SBM hearing when he failed to subject the prosecution’s case to
 meaningful adversarial testing.” However, as discussed below, this issue is mooted by our
 resolution of his earlier SBM argument.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 For error to constitute plain error, a defendant must
 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice—that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings.

 Id. at 518, 723 S.E.2d at 334 (marks and citations omitted).

¶ 13 Defendant argues that the trial court plainly erred in admitting State’s

 Exhibits P-21, P-22, and P-23, which were pictures showing condoms and dildos found

 in Defendant’s bedroom, because they were irrelevant to the alleged incident,

 constituted prohibited evidence under Rule 404(b), and had a probable impact on the

 jury. The State contends this evidence was properly admitted under our Rules of

 Evidence, but also argues Rule 404(b) does not apply because “the challenged exhibits

 were not evidence of ‘other’ acts” and “mere possession of items that are lawful to

 possess is not character evidence.”

¶ 14 The State relies on State v. Sessoms, in which we have held “wielding a

 machete is not a character trait” and therefore “was not ‘character evidence’ pursuant

 to . . . Rule 404(b), but rather [a witness’s] description of what he saw and his reason

 for calling for help[.]” State v. Sessoms, 226 N.C. App. 381, 385, 741 S.E.2d 449, 453

 (2013). However, in Sessoms, we did not hold that possession of an item can never
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 fall under Rule 404(b). Id. Indeed, we have consistently addressed the possession of

 items under Rule 404(b) in the exact context of the issue here—a defendant’s

 possession of materials related to sex in a child sexual assault case. See, e.g., State v.

 Smith, 152 N.C. App. 514, 523, 568 S.E.2d 289, 295, disc. rev. denied, appeal

 dismissed, 356 N.C. 623, 575 S.E.2d 757 (2002); State v. Hinson, 102 N.C. App. 29,

 36, 401 S.E.2d 371, 375, disc. rev. denied, appeal dismissed, 329 N.C. 273, 407 S.E.2d

 846 (1991); State v. Bush, 164 N.C. App. 254, 261, 595 S.E.2d 715, 719 (2004); State

 v. Rael, 321 N.C. 528, 534, 364 S.E.2d 125, 129 (1988); State v. Brown, 178 N.C. App.

 189, 193, 631 S.E.2d 49, 52 (2006). We address this issue under Rule 401 and Rule

 404(b).

¶ 15 “‘Relevant evidence’ means evidence having any tendency to make the

 existence of any fact that is of consequence to the determination of the action more

 probable or less probable than it would be without the evidence.” N.C.G.S. § 8C-1,

 Rule 401 (2021). “All relevant evidence is admissible, except as otherwise provided

 by the Constitution of the United States, by the Constitution of North Carolina, by

 Act of Congress, by Act of the General Assembly or by these rules. Evidence which is

 not relevant is not admissible.” N.C.G.S. § 8C-1, Rule 402 (2021).

 Evidence of other . . . acts is not admissible to prove the
 character of a person in order to show that he acted in
 conformity therewith. It may, however, be admissible for
 other purposes, such as proof of motive, opportunity,
 intent, preparation, plan, knowledge, identity, or absence
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 of mistake, entrapment or accident.

 N.C.G.S. § 8C-1, Rule 404(b) (2021).

¶ 16 In Smith, we held:

 evidence of [the] defendant’s possession of pornographic
 materials, without any evidence that [the] defendant had
 viewed the pornographic materials with the victim, or any
 evidence that [the] defendant had asked the victim to look
 at pornographic materials other than the victim’s mere
 speculation, was not relevant to proving [the] defendant
 committed the alleged offenses in the instant case and
 should not have been admitted by the trial court.

 Smith, 152 N.C. App. at 523, 568 S.E.2d at 295.

¶ 17 There, we relied on State v. Doisey, Hinson, and State v. Maxwell. See State v.

 Doisey, 138 N.C. App. 620, 626, 532 S.E.2d 240, 244, disc. rev. denied, 352 N.C. 678,

 545 S.E.2d 434 (2000), cert. denied, 531 U.S. 1177, 148 L. Ed. 2d 1015 (2001); Hinson,

 102 N.C. App. at 36, 401 S.E.2d at 375; State v. Maxwell, 96 N.C. App. 19, 24, 384

 S.E.2d 553, 556 (1989), disc. rev. denied, 326 N.C. 53, 389 S.E.2d 83 (1990). In Smith,

 we described the holdings of each of these cases. Smith, 152 N.C. App. at 521-22, 568

 S.E.2d at 294. We described Doisey as holding that “evidence that the defendant

 placed a camcorder in a bathroom used by children and taped the activities in the

 bathroom was not properly admitted to show ‘design or scheme to take sexual

 advantage of children.’” Id. We described Hinson as holding that “evidence that the

 defendant possessed photographs depicting himself in women’s clothing, dildos,
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 lubricants, vibrators and two pornographic books, was not properly admitted to show

 ‘proof of intent, preparation, plan, knowledge and absence of mistake,’ in [a] sexual

 offense case involving seven-year-old victim.” Id. at 522, 568 S.E.2d at 294. Finally,

 we described Maxwell as holding that “evidence that the defendant frequently

 appeared nude in front of his children and had fondled himself in presence of

 daughter was not properly admitted to show [the] ‘defendant’s plan or scheme to take

 advantage of his daughter.’” Id.

¶ 18 In Bush, we held that the admission of evidence showing the defendant had

 previously purchased and owned pornography was error because there was no

 evidence to suggest that the defendant had shown, or provided, the pornography to

 the victim. Bush, 164 N.C. App. at 261-62, 595 S.E.2d at 719-20.

 [T]he mere possession of photographic images, whether in
 still form or on a videotape, has been deemed inadmissible
 as the defendant’s possession of such materials does not
 establish motive, intent, common scheme or plan; rather
 the possession of such materials is held only to show the
 defendant has the propensity to commit the offense for
 which he is charged and to be highly inflammatory.

 Id. at 262, 595 S.E.2d at 720 (citing Smith, 152 N.C. App. at 521-22, 568 S.E.2d at

 294, Doisey, 138 N.C. App. at 628, 532 S.E.2d at 246).

¶ 19 However, “our appellate courts have long recognized that lay testimony and

 other evidence can be admissible under Rule 404(b) to show that a defendant engaged

 in grooming-like behavior.” State v. Goins, 244 N.C. App. 499, 516, 781 S.E.2d 45, 56
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 (2015). In State v. Williams, in response to an argument that evidence of the

 defendant taking the child victim to see an x-rated movie violated Rule 404(b), our

 Supreme Court upheld the admission of evidence because “the [victim’s] presence at

 the film at [the] defendant’s insistence, and his comments to her show his preparation

 and plan to engage in sexual intercourse with her and assist in that preparation and

 plan by making her aware of such sexual conduct and arousing her.” State v.

 Williams, 318 N.C. 624, 632, 350 S.E.2d 353, 358 (1986).

¶ 20 In Rael, our Supreme Court, again in response to a challenge to evidence under

 404(b), upheld the admission of evidence of pornographic magazines and video tapes

 because “the video tape and magazines and Detective Martin’s testimony concerning

 them were relevant to corroborate the victim’s testimony that the defendant had

 shown him such materials at the time the defendant committed the crimes for which

 he was on trial[,]” and thus as “relevant [evidence] to a fact or issue other than the

 character of the accused, Rule 404(b) did not require that they be excluded from the

 evidence at trial.” Rael, 321 N.C. at 534, 364 S.E.2d at 129.

¶ 21 In Brown, in response to a challenge under Rule 404(b) to the admission of

 photographs of nude women, we upheld the admission of the photographs because

 [the] defendant showed [the victim] four photographs of
 nude adult women with whom she was acquainted prior to
 the first time [the] defendant engaged in a sexual act with
 her, and that [the] defendant told her that he was going to
 take similar pictures of her. [The victim] further testified
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 that [the] defendant attempted to take pictures of her, but
 that [the] defendant was unable to get her grandmother’s
 camera. The admission of the photographs into evidence
 served to corroborate [the victim’s] testimony of [the]
 defendant’s actions and provided evidence of a plan and
 preparation to engage in sexual activities with her.

 Brown, 178 N.C. App. at 193, 631 S.E.2d at 52.

¶ 22 Here, the evidence falls under both aspects of our caselaw. In his forensic

 interview, which was played for the jury, Peter described an incident where

 Defendant showed him a square packet found inside a glass duck, winked at Peter,

 and told Peter there was gum inside of it. Peter didn’t know if it was a pill, gum, or

 something else that “could make ‘em get silly or something.” Although Peter did not

 testify regarding this information, the introduction of the condoms found in

 Defendant’s home, even though they were not in a glass duck, corroborated Peter’s

 statement, as it showed Defendant owned condoms that matched the description of

 the items Peter claims Defendant showed him. This evidence was relevant to

 corroborate the potential grooming behavior, and was used for the purposes of

 showing planning and preparation by Defendant, as well as to corroborate Peter’s

 testimony. The admission of the photographs of the condoms was not error under

 Rule 401 or Rule 404(b).

¶ 23 However, the admission of State’s Exhibit P-21, which is a photograph of the

 condoms with the dildos, was error under Rule 401 and Rule 404(b). There was no
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 evidence presented that Defendant discussed, showed, or exposed Peter to a dildo. As

 a result, the dildos were entirely irrelevant to any fact of consequence related to

 Defendant’s guilt or innocence. The State argues State’s Exhibit P-21, the

 photograph depicting the dildos and condoms, showed the context of where the

 condoms were located in Defendant’s home and that, after the evidence was

 introduced, the State never mentioned the dildos at any stage of the trial. The State

 provides no reason as to why the exact location of the condoms was significant when

 it was undisputed that they were found in Defendant’s home, and we are unaware of

 such a reason. Additionally, there were other photographs showing the condoms

 found in the home without the dildos in the background, which would have equally

 corroborated Peter’s statement regarding the square packets. Even if State’s Exhibit

 P-21 was relevant, Rule 404(b) should have resulted in the exclusion of the

 photograph. While in Bush, Smith, and Hinson there was testimony given regarding

 the possession of the material related to sex, it makes no difference whether the

 evidence was admitted by testimony or by a photograph. Here, like in Bush, Smith,

 and Hinson, the jury was presented with evidence unrelated to the offenses alleged

 showing the possession of materials related to sex. This evidence had no relevant

 purpose, and instead, if used, could only be used by the jury as character evidence in

 contravention of Rule 404(b). The trial court erred in admitting this evidence.

¶ 24 However, this error does not rise to the level of plain error as it did not have a
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 probable impact on the jury. Defendant argues the admitted photographs had a

 probable impact on the jury because they paint him as someone who had “prurient

 interests in sexual gratification and [as] a sexual deviant who would be more likely

 to engage in a sex act with a child.” His basis for this argument is “[s]ex toys, such

 as dildos, are often seen as immoral or obscene” and they “allowed the State to imply

 that [Defendant] was bisexual or gay—even though the trial court explicitly barred

 the State from introducing evidence about [Defendant’s] sexuality.” Assuming,

 arguendo, that Defendant’s contention about dildos is true, he cannot show plain

 error here.

¶ 25 Despite the trial court barring the State from introducing evidence regarding

 Defendant’s sexuality, evidence implying Defendant is bisexual or gay was introduced

 without objection, and was not challenged on appeal:

 [DETECTIVE:] I told [Defendant] that there were some
 issues with pornography. I asked him if there was any
 pornography in the residence. He told me that there was
 not. He said he only researched pornography online. He
 said he looked them up on websites called SexTube and
 GayTube.

 [THE STATE:] And did he say anything else at that point?

 [DETECTIVE:] I asked what type of pornography that he
 watched and he told me bisexual.

 As a result, we do not consider any potential prejudice from the implication

 Defendant is bisexual or gay, as the implication would have been before the jury
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 regardless of any error.

¶ 26 However, this is not the end of our inquiry, as we must also consider

 Defendant’s argument that the erroneous admission of a photograph with dildos in

 the background suggested Defendant was immoral and/or a sexual deviant more

 likely to sexually assault a child. In weighing the effect of this evidence, it is

 important to note that, aside from laying the foundation for the photographs and

 admitting the photograph into evidence, the only other reference made to the dildos

 was made by Defendant in closing arguments when he stated:

 You saw some pictures. I think the State is trying to
 convey that he’s a deviant, but he’s got condoms. He’s a
 single man. He had two sex toys in a drawer. I don’t know
 if you saw from the pictures, but there were a few pairs of
 women’s underwear. Again, it looks bad, but it is not
 illegal. He is a single man. He admits to looking at porn
 on his computer. Again, that’s not illegal.

 Our Supreme Court has previously focused on the minimal emphasis of irrelevant

 evidence to conclude there was no prejudicial error. See State v. Rose, 335 N.C. 301,

 322-23, 439 S.E.2d 518, 529-30 (“[The] [d]efendant has failed to show, however, that

 the admission of the Bibles into evidence was prejudicial. In fact, evidence of the

 presence of the Bibles in the victim’s apartment was introduced through photographs

 of the apartment, including one that clearly depicted the Bibles on a bookshelf. [The]

 [d]efendant did not object to the introduction of these photographs. Furthermore,

 [the] defendant himself points out that after the Bibles were admitted they were only
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 mentioned once again during the trial when the victim’s sister testified that she had

 seen the Bibles in the victim’s apartment. Thus, we conclude that the admission of

 the Bibles into evidence did not constitute error prejudicial to [the] defendant.”), cert.

 denied, 512 U.S. 1246, 129 L. Ed. 2d 883 (1994), and overruled on other grounds by

 State v. Buchanan, 1353 N.C. 332, 543 S.E.2d 823 (2001).

¶ 27 The evidence properly introduced at trial and the evidence that is not the

 subject of this appeal is sufficiently strong that the improperly admitted evidence, in

 light of its minimal emphasis, did not have a probable impact on the jury. Peter

 reported the incident to his mother almost immediately after it happened. His

 mother immediately took him to the police and then two hospitals for the proper

 examinations and interviews to be performed. Peter testified regarding Defendant

 sexually assaulting him, which was corroborated by Peter’s mother’s testimony

 regarding what Peter had told her Defendant had done. A recording of the forensic

 interview was published to the jury, which also corroborated Peter’s testimony

 regarding Defendant sexually assaulting him.7 Multiple exhibits were entered into

 evidence that corroborated the incident, including: State’s Exhibit P-26, photographs

 of the baby oil used; State’s Exhibit P-39, Defendant’s ripped shirt; and exhibits

 7 We note that, while some details of these accounts differed, both of Peter’s accounts

 of what happened were consistent in that they reflected “there was pornography involved;
 there was oral sex involved; there was an attempt at anal sex; and there was something about
 baby oil.”
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 related to the State’s DNA sample analysis. Additionally, there was testimony

 regarding the DNA found in Peter’s underwear that showed there was a 1 in 13.9

 million chance of randomly selecting an unrelated Caucasian individual who could

 not be excluded from the DNA sample. Based on this evidence and the lack of an

 indication in the Record that the dildos were emphasized by the State, the error in

 admitting State’s Exhibit P-21 does not rise plain error.

 B. SBM Order

¶ 28 Defendant argues, and the State concedes, that the trial court erred in

 determining that Defendant was subject to automatic lifetime SBM. However, the

 State contends that the SBM order should be remanded to the trial court to make an

 SBM determination, while Defendant contends that the SBM order should be

 reversed.

¶ 29 Although Defendant did not object at the trial court level, the trial court’s error

 is still proper for our review pursuant to N.C.G.S. § 15A-1446(d)(18). N.C.G.S. § 15A-

 1446(d)(18) (2021) (“Errors based upon any of the following grounds, which are

 asserted to have occurred, may be the subject of appellate review even though no

 objection, exception or motion has been made in the trial division. . . . The sentence

 imposed was unauthorized at the time imposed, exceeded the maximum authorized

 by law, was illegally imposed, or is otherwise invalid as a matter of law.”). This

 approach is consistent with our prior holding in State v. Dye—that an error in an
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 SBM proceeding that violated statutory mandates was preserved by N.C.G.S. § 15A-

 1446(d)(18), where “the trial court erred by ordering [the defendant] to enroll in the

 SBM program for a period of thirty years without sufficient findings of fact that [the]

 [d]efendant required the highest possible level of supervision and monitoring[.]”

 State v. Dye, 254 N.C. App. 161, 167-68, 802 S.E.2d 737, 741 (2017). As this issue is

 preserved for our review, we turn to the merits.

¶ 30 The SBM statute has two initial steps:

 (a) When an offender is convicted of a reportable conviction
 as defined by [N.C.G.S. §] 14-208.6(4), during the
 sentencing phase, the district attorney shall present to the
 court any evidence that (i) the offender has been classified
 as a sexually violent predator pursuant to [N.C.G.S. §] 14-
 208.20, (ii) the offender is a recidivist, (iii) the conviction
 offense was an aggravated offense, (iv) the conviction
 offense was a violation of [N.C.G.S. §] 14-27.23 or [N.C.G.S.
 §] 14-27.28, or (v) the offense involved the physical, mental,
 or sexual abuse of a minor. The district attorney shall have
 no discretion to withhold any evidence required to be
 submitted to the court pursuant to this subsection.

 ....

 (b) After receipt of the evidence from the parties, the court
 shall determine whether the offender’s conviction places
 the offender in one of the categories described in [N.C.G.S.
 §] 14-208.40(a), and if so, shall make a finding of fact of that
 determination, specifying whether (i) the offender has been
 classified as a sexually violent predator pursuant to
 [N.C.G.S. §] 14-208.20, (ii) the offender is a recidivist, (iii)
 the conviction offense was an aggravated offense, (iv) the
 conviction offense was a violation of [N.C.G.S. §] 14-27.23
 or [N.C.G.S. §] 14-27.28, or (v) the offense involved the
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 physical, mental, or sexual abuse of a minor.

 N.C.G.S. § 14-208.40A(a)-(b) (2018).8 Here, after trial, Defendant, the State, and the

 trial court all incorrectly agreed that Defendant was convicted of a sexual offense

 with a child under N.C.G.S. § 14-27.28,9 and therefore was subject to mandatory SBM

 for life. In reality, Defendant was convicted of what was codified as N.C.G.S. § 14-

 27.4(a)(1) at the time of the offense and had been recodified to N.C.G.S. § 14-27.29 by

 the time of trial. Defendant was ineligible for automatic lifetime SBM because the

 trial court found the other grounds for automatic lifetime SBM were not present. See

 N.C.G.S. § 14-208.40A(c) (2018) (listing the grounds for automatic lifetime SBM

 enrollment as being “a sexually violent predator, [being] a recidivist, having

 committed an aggravated offense, or [being] convicted of [N.C.G.S. §] 14-27.23 or

 [N.C.G.S. §] 14-27.28”).

¶ 31 However, Defendant was eligible for the risk assessment track under N.C.G.S.

 § 14-208.40A(d) and (e):

 (d) If the court finds that the offender committed an offense
 that involved the physical, mental, or sexual abuse of a
 minor, that the offense is not an aggravated offense or a
 violation of [N.C.G.S. §] 14-27.23 [(rape of a child; adult
 offender)] or [N.C.G.S. §] 14-27.28 [(first degree sexual

 8 We note that N.C.G.S. § 14-208.40A was amended with an effective date of 1
 December 2021. See N.C.G.S. § 14-208.40A (2021); 2021 S.L. 138 § 18(d). However, the
 amendment is not relevant for our resolution of the issues presented in this appeal.
 9 As discussed above, at the time of the offense, this statute was codified as N.C.G.S.

 § 14-27.4A.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 offense)] and the offender is not a recidivist, the court shall
 order that the Division of Adult Correction do a risk
 assessment of the offender. The Division of Adult
 Correction . . . shall have a minimum of 30 days, but not
 more than 60 days, to complete the risk assessment of the
 offender and report the results to the court.

 (e) Upon receipt of a risk assessment from the Division of
 Adult Correction . . . pursuant to subsection (d) of this
 section, the court shall determine whether, based on the
 Division of Adult Correction’s risk assessment, the offender
 requires the highest possible level of supervision and
 monitoring. If the court determines that the offender does
 require the highest possible level of supervision and
 monitoring, the court shall order the offender to enroll in a
 satellite-based monitoring program for a period of time to
 be specified by the court.

 N.C.G.S. § 14-208.40A(d)-(e) (2018). Under this statute, Defendant was entitled to a

 risk assessment that would provide the basis for the level of SBM imposed.

¶ 32 Here, there was no evidentiary hearing, which would have been required either

 way under our caselaw,10 and the parties and the trial court all improperly

 characterized Defendant’s conviction. Due to the failure of all parties to accurately

 characterize the offense Defendant was found guilty of, resulting in improper SBM

 sentencing, we vacate the SBM order without prejudice to the State’s ability to file a

 10 See Grady v. North Carolina, 575 U.S. 306, 310-311, 191 L. Ed. 2d 459, 462-63 (2015)

 (citations omitted) (“The reasonableness of a search depends on the totality of the
 circumstances, including the nature and purpose of the search and the extent to which the
 search intrudes upon reasonable privacy expectations. The North Carolina courts did not
 examine whether the State’s monitoring program is reasonable—when properly viewed as a
 search—and we will not do so in the first instance.”).
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 subsequent SBM application.

¶ 33 In State v. Greene, where the Defendant made a motion for involuntary

 dismissal under Rule 41(b) of our Rules of Civil Procedure, we held the State’s

 concession that it failed to carry its burden to conduct a Grady hearing meant that it

 necessarily conceded that the trial court should have granted Defendant’s motion to

 dismiss the SBM proceedings because “dismissal under Rule 41(b) is to be granted if

 the plaintiff has shown no right to relief[.]” State v. Greene, 255 N.C. App. 780, 783-

 84, 806 S.E.2d 343, 345 (2017) (citing Jones v. Nationwide Mut. Ins. Co., 42 N.C. App.

 43, 46-47, 255 S.E.2d 617, 619 (1979)). As a result, the proper remedy was to reverse

 because, at the trial court, “the [SBM] matter would have ended there.” Id. at 784,

 806 S.E.2d at 345.

¶ 34 Greene is not controlling because here there was no motion to dismiss under

 Rule 41(b), nor an objection made, and all parties were operating under an error of

 law. Greene distinguished the facts before it from Harrell v. W.B. Lloyd Constr. Co.,

 stating:

 In Harrell, [] remand was appropriate because
 “incompetent evidence ha[d] been erroneously considered
 by the trial judge in his ruling on the sufficiency of [the]
 plaintiff’s evidence.” The evidence was insufficient in light
 of the improperly considered evidence. Therefore, it was
 necessary to remand the case in order for the trial court to
 consider the matter anew absent the erroneously admitted
 evidence. In contrast, there has been no contention in this
 case that the State’s evidence was improperly considered
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 by the trial court.

 Id. at 783, 806 S.E.2d at 345 (citations omitted) (quoting Harrell v. W.B. Lloyd Constr.

 Co., 300 N.C. 353, 358, 266 S.E.2d 626, 630 (1980)). Here, like in Harrell, the trial

 court based its order on an error of law. As a result, like in Harrell, the appropriate

 remedy is to remand.

¶ 35 Furthermore, here we are guided by State v. Bursell, 258 N.C. App. 527, 533-

 34, 813 S.E.2d 463, 467-68 (2018) (“Bursell I”), rev’d in part and aff’d in part by State

 v. Bursell, 372 N.C. 196, 827 S.E.2d 302 (2019) (“Bursell II”). In Bursell I, we

 distinguished Greene and vacated the SBM order entered there without prejudice to

 the State’s ability to file a subsequent SBM application. Id. at 533-34, 813 S.E.2d at

 467-68. In Bursell II, our Supreme Court affirmed our decision “to vacate the trial

 court’s SBM order without prejudice to the State’s ability to file another application

 for SBM.” Bursell II, 372 N.C. at 201, 827 S.E.2d at 306. Similarly, because Greene

 is distinct from the facts before us here, we may elect not to reverse the SBM order

 with prejudice to the State’s ability to file a subsequent SBM application. Here, like

 in Bursell I, we vacate the SBM order subjecting Defendant to lifetime SBM without

 prejudice to the State’s ability to file a subsequent SBM application. See Bursell I,

 258 N.C. App. at 534, 813 S.E.2d at 468; Bursell II, 372 N.C. at 201, 827 S.E.2d at

 306. Additionally, Defendant’s ineffective assistance of counsel claim on the basis of

 Defense Counsel’s failure to object to the imposition of lifetime SBM for failure to
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 conduct a Grady hearing is rendered moot, and we do not address it.

 C. In Camera Review of Sealed Documents

¶ 36 Defendant argues that we should review the sealed documents previously

 reviewed in camera by the trial court for any evidence that is “favorable and material

 to his guilt or punishment[,]” and further remand the case for a new trial if it is

 determined he was denied access to such information at the trial court level.

 A defendant who is charged with sexual abuse of a minor
 has a constitutional right to have the records of the child
 abuse agency that is charged with investigating cases of
 suspected child abuse, as they pertain to the prosecuting
 witness, turned over to the trial court for an in camera
 review to determine whether the records contain
 information favorable to the accused and material to guilt
 or punishment.

 State v. McGill, 141 N.C. App. 98, 101, 539 S.E.2d 351, 355 (2000); see also State v.

 Hardy, 293 N.C. 105, 128, 235 S.E.2d 828, 842 (1977) (“[W]e hold that since

 realistically a defendant cannot know if a statement of a material State’s witness

 covering the matters testified to at trial would be material and favorable to his

 defense, Brady and Agurs require the judge to, at a minimum, order an in camera

 inspection and make appropriate findings of fact. As an additional measure, if the

 judge, after the in camera examination, rules against the defendant on his motion,

 the judge should order the sealed statement placed in the record for appellate

 review.”). Further,
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 [i]f the trial court conducts an in camera inspection but
 denies the defendant’s request for the evidence, the
 evidence should be sealed and placed in the record for
 appellate review. On appeal, this Court is required to
 examine the sealed records to determine if they contain
 information that is both favorable to the accused and
 material to either his guilt or punishment. If the sealed
 records contain evidence which is both favorable and
 material, [the] defendant is constitutionally entitled to
 disclosure of this evidence.

 McGill, 141 N.C. App. at 101-02, 539 S.E.2d at 355 (marks and citations omitted).

 The duty to disclose encompasses impeachment evidence
 as well as exculpatory evidence. Evidence is material if
 there is a reasonable probability that, had the evidence
 been disclosed to the defense, the result of the proceeding
 would have been different.

 A reasonable probability is a probability sufficient to
 undermine confidence in the outcome. Therefore, in
 determining whether the defendant’s lack of access to
 particular evidence violated his right to due process, the
 focus should be on the effect of the nondisclosure on the
 outcome of the trial, not on the impact of the undisclosed
 evidence on the defendant’s ability to prepare for trial.

 State v. Lynn, 157 N.C. App. 217, 220, 578 S.E.2d 628, 631 (2003) (marks and citations

 omitted).

¶ 37 Here, following an in camera review of DSS and school records relating to

 Peter, the trial court found “certain documents to be discoverable” while others were

 deemed to be “duplicative of the documents released, not admissible, not relevant, or

 otherwise not subject to discovery[.]” Accordingly, the trial court sealed the

 documents. Further, after a separate in camera review was conducted of the
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 personnel file of Officer Barlow, the trial court entered an order stating the trial court

 “conclude[d] that certain portions of [Officer Barlow’s personnel records] should be

 released for use in connection with [Officer Barlow’s] potential testimony in this case.

 The [c]ourt notes that other portions of these personnel records concerned an extra-

 marital affair which is not admissible for impeachment purposes under North

 Carolina law.”

¶ 38 Pursuant to McGill and Hardy, Defendant is entitled to appellate-level in

 camera review of documents not released previously by the trial court.

¶ 39 Our in camera review of the documents here reveals the order of the trial court

 related to Officer Barlow did not restrict Defendant’s access to evidence that was

 favorable or material. However, some portions of the DSS and school records that

 were not disclosed to Defendant were favorable to him. For Defendant to be entitled

 to a new trial where withheld documents were favorable, we must also determine

 that the withheld documents were material. See McGill, 141 N.C. App. at 101-02,

 539 S.E.2d at 355 (marks omitted) (“If the sealed records contain evidence which is

 both favorable and material, [the] defendant is constitutionally entitled to disclosure

 of this evidence.”).

¶ 40 “Evidence is material ‘if there is a reasonable probability that, had the evidence

 been disclosed to the defense, the result of the proceeding would have been different.’”

 Lynn, 157 N.C. App. at 220, 578 S.E.2d at 631 (quoting State v. Holadia, 149 N.C.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

 App. 248, 256-57, 561 S.E.2d 514, 520-21, disc. rev. denied, 355 N.C. 497, 562 S.E.2d

 432 (2002)). “A reasonable probability is a probability sufficient to undermine

 confidence in the outcome.” Id. (marks omitted).

¶ 41 After a careful consideration of this case in its entirety, we hold that the

 withheld documents do not undermine our confidence in the outcome of Defendant’s

 trial and the withheld documents were therefore not material. The trial court did not

 err in not turning over the withheld documents. In order to maintain the

 confidentiality of these documents, further analysis of this issue, including a

 discussion of those documents favorable to Defendant, are made in an order entered

 under seal. This order will remain under seal pending further consideration, if any,

 or release by our Supreme Court.

 CONCLUSION

¶ 42 The trial court did not err in admitting photographs of condoms found inside

 Defendant’s home. The trial court did, however, err in admitting photographs of

 dildos found in Defendant’s home, but this error did not rise to the level of plain error.

 Additionally, we vacate the SBM order and remand without prejudice to the State’s

 ability to file a subsequent SBM application. Finally, after a comprehensive review

 of the sealed documents from the trial court’s in camera review, we conclude the trial

 court did not err as there was not any material evidence that was not provided to

 Defendant.
 STATE V. SHEFFIELD

 2022-NCCOA-216

 Opinion of the Court

NO ERROR IN PART; VACATED AND REMANDED IN PART.

Judge ZACHARY concurs.

Judge ARROWOOD concurs in result only.